MINUTE ENTRY
WILKINSON, M.J.
MAY 18, 2011

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JOHN A. LANEY                                            CIVIL ACTION

VERSUS                                                   NO. 11-419

LOUISIANA HEALTH AND                                     SECTION "L"(2)
SCIENCE CENTER SCHOOL
OF NURSING ET AL.

On May 18, 2011, plaintiff John A. Laney appeared in open court in response to

this court's call docket order.  Record Doc. No. 6.  Plaintiff advised the court that the

United States Marshal had been provided with service materials, Fed. R. Civ. P. 4(c)(3),

but that service of process to defendants has not yet been effected by the marshal.

Therefore, the court's call docket order has been SATISFIED.

Plaintiff has also filed a motion for appointment of counsel.  Record Doc. No. 7.

He was sworn and testified for purposes of consideration of that motion.  "A district court

should appoint counsel in a civil rights case only if presented with exceptional

circumstances."  Norton v. E.U. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997).  When the

MJSTAR:  0 : 20

record does not clearly show that exceptional circumstances do not exist, the district court must present specific findings explaining why counsel was denied.  Allen v. Thomas, 388 F.3d 147, 150 (5th Cir. 2004).  Having also considered the factors suggested in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), **IT IS ORDERED** that the plaintiff's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

On one hand, plaintiff is an employed registered nurse with fairly substantial earning capacity and current monthly income. On the other hand, he has few, if any, assets and substantial student loan debt.  The monthly payments on the debt, when combined with his ordinary monthly living expenses, would exceed his monthly earnings.  However, payment on that debt is currently in forbearance for one year.  Thus, it is not clear if plaintiff is currently  financially eligible for appointed counsel.  At this time, plaintiff has not made sufficient effort to retain counsel.  Numerous lawyers are available in this community who will take the case on a contingency basis if it has merit. Plaintiff must continue in his efforts to find his own lawyer.  However, this motion may be reconsidered as further proceedings in this matter occur.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE